UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:24 -cr-154 |
| | : | |
| EVAN HUNT, | : | |
| CLAYTON HILDEBRAND, and | : | |
| MICHAEL SPOSITE, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**JOINT MOTION TO CONTINUE STATUS CONFERENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and defendants Evan Hunt, Michael Sposite and Clayton Hildebrand, by and through their attorneys, respectfully request that the status conference set for July 1, 2024 be vacated and continued for approximately thirty days. In support, the Parties state as follows:

1. On March 27, 2024, defendants Michael Sposite and Clayton Hildebrand were charged by criminal Indictment with violations under 18 U.S.C. § 17521(a)(1), 18 U.S.C. § 1752(a)(2), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § (e)(2)(G), for allegations arising out of conduct committed on January 6, 2021. On that same day, defendant Evan Hunt was charged by criminal Indictment with violations under 18 U.S.C. §1512(c)(2), 18 U.S.C. § 17521(a)(1), 18 U.S.C. § 1752(a)(2), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § (e)(2)(G), also for conduct committed on January 6, 2201.

2. Defendants were arraigned on May 23, 2024. All defendants entered Not Guilty pleas as to all charges.

3. The government provided defendants Michael Sposite and Clayton Hildebrand with plea offers on June 12, 2024. Those offers expire on July 10, 2024.

4. The government and defense counsel for Michael Sposite and Clayton Hildebrand have conferred and agree that it is not the best use of the Court's resources to hold a status conference on July 1, 2024, while plea discussions are ongoing.

5. Furthermore, on June 28, 2024, the Supreme Court of the United States released an opinion in *United States v. Fischer,* No. 23-5572. That case is relevant to the violation of 18 U.S.C. § 1512(c)(2), with which defendant Evan Hunt is charged. The government is still evaluating the *Fischer* decision. Defense counsel for Evan Hunt and the government have conferred and agree that it is not the best use of the Court's resources to hold a status conference on July 1, 2024, given the Supreme Court's recent decision in *Fischer*.

Therefore, the Parties request that the Court continue the status conference currently set for July 1, 2024 for approximately thirty days. A thirty-day continuance would allow the Parties time to evaluate the *Fischer* decision, relevant to defendant Evan Hunt, and continue plea discussions. The Parties further believe that it is in the interest of justice to toll the Speedy Trial Act while the parties discuss a potential pre-trial disposition of this matter. The Parties thus request a tolling of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A), based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i) and (ii), as well as U.S.C. § 3161(h)(1)(G). Therefore, the Parties request an exclusion of time under the Speedy Trial Act from July 1, 2024, through the next scheduled status or plea hearing date.

Respectfully,

 MATTHEW M. GRAVEUNITED STATES ATTORNEY
 D.C. Bar No. 481052

*/s/ Rachel Freeh*
RACHEL FREEH
Assistant United States Attorney

District of Columbia Bar No. 1736082
601 D Street NW
Washington, D.C. 20530
(202) 252-7749
Rachel.freeh@usdoj.gov

*Counsel for the Government*


/s/ Marina Medvin
MARINA MEDVIN
MEDVIN LAW PLC
916 Prince St
Suite 109
Alexandria, VA 22314
888-886-4127
marina@medvinlaw.com

*Counsel for defendants Michael Spsoite and Clayton Hildebrand*


/s/ Elita Amato
ELITA AMATO
2111 Wilson Blvd.
Suite 8th Floor
Arlington, VA 22201
(703)-522-5900
amato.law@comcast.net

*Counsel for defendant Evan Hunt*